# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2014

Lyle W. Cayce
Clerk

No. 13-50099
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS ALVAREZ-AYALA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:12-CR-342-2

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Luis Alvarez-Ayala (Alvarez) appeals his conviction for aiding and abetting possession with intent to distribute marijuana. He claims that he was incompetent when he admitted transporting the drugs in exchange for $2500, noting the testimony of law enforcement agents that he appeared to be intoxicated or impaired in some way. He contends that the only nexus between him and the marijuana was an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admission, which was false. According to Alvarez, without the admission, there was insufficient evidence to establish that he possessed the marijuana. He asserts that his mere presence in the truck carrying 242 pounds of marijuana was insufficient, arguing that there was no forensic evidence linking him to drugs.

We review Alvarez's sufficiency claim de novo. *See United States v. Jimenez*, 509 F.3d 682, 690 (5th Cir. 2007). In determining whether the evidence was sufficient, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Alvarez admitted that he was to be paid $2500 to transport the marijuana into the United States. Although initially he was mumbling and unsteady, looking like he just woke up, and acting as though he did not understand what was going on, Alvarez "cleared up" as he and border patrol agent Scott Morris "started talking and having a discussion." Morris testified that Alvarez "knew what he was doing" and answered questions appropriately. They chitchatted and made small talk, and Alvarez seemed interested when discussing Morris's father's career as a truck driver.

DEA agent Mark Ruckman testified that Alvarez understood the *Miranda*[1] warnings and appeared competent to waive his rights. Ruckman also testified that, when Alvarez "started telling the truth, he perked up" and "convers[ed] like a normal person."

During his own testimony, Alvarez did not state that he was too impaired to understand what was going on at the time of his admission. Instead, he testified that he was coerced into making the confession, a contention that he

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

does not raise on appeal.   Moreover, the story Alvarez provided to law enforcement contained multiple implausibilities and unexplained inconsistencies.

The jury received evidence placing him inside the warehouse where the truck had been dismantled and the marijuana packaged.  In addition, the jury heard testimony that Alvarez had gone on a trip with others in the truck to scout locations for crossing the border with a load of marijuana.  Less than a week later, he was apprehended at the checkpoint in the same truck carrying more than 242 pounds of marijuana.

Although Alvarez denied any involvement with the marijuana, "[w]e will not second guess the jury in its choice of which witnesses to believe." *United States v. Zuniga*, 18 F.3d 1254, 1260 (5th Cir. 1994).  Viewed in the light most favorable to the prosecution, the evidence was sufficient to support the guilty verdict.  *See Jackson*, 443 U.S. at 319; *United States v. Jimenez*, 509 F.3d 682, 689 (5th Cir. 2007) (listing elements of the offense); *United States v. Casilla*, 20 F.3d 600, 606 (5th Cir. 1994) (holding implausible and inconsistent stories support finding of guilty knowledge).  The judgment of the district court is AFFIRMED.